732 July 29, 2026 No. 707

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS R. PAZ-MENDOZA,
*Defendant-Appellant.*

Washington County Circuit Court
20CR60102; A183356

Ricardo J. Menchaca, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for four counts of first-degree unlawful sexual penetration (Counts 1 through 4) and six counts of first-degree sexual abuse (Counts 5 through 10). The charges against defendant arose out of allegations made by J and A that defendant had sexually abused both of them while he was in a relationship with their mother, Gutierrez, and lived with the family. He raises six assignments of error. We conclude that defendant's fifth assignment of error, challenging statements made by the prosecutor in rebuttal argument, warrants reversal. Accordingly, we reverse and remand on that basis, and need not reach defendant's other assignments of error because they may not arise again on remand.

During the prosecutor's closing argument, the prosecutor made the following statements:

"There's—there's two options here, right? It's either these girls are lying. They're making it up. It didn't happen. Or it did.

"＊＊＊＊＊

"So ultimately, this comes down to whether or not you find [A] and [J] credible. That is the crux of the case. This either happened or didn't happen."

Defendant did not object to those statements.[1]

During defendant's closing argument, defense counsel told the jury, "What you heard though was a textbook example of how young people can be manipulated. ＊＊＊ But I do want to be clear at the outset that a not guilty verdict in this case does not mean that you are calling either [J] or [A] a liar." In rebuttal closing argument, the prosecutor made the following statements in response (italicized below) that form the basis for defendant's fifth assignment of error:

"[PROSECUTOR]: You cannot have it both ways. The defense wants to come up here and say, we're not saying

---

[1] In defendant's third and fourth assignments of error, he requests that we review the prosecutor's closing argument statements for plain error. Because we reverse on defendant's fifth assignment of error, we need not determine whether those statements constituted plain error. However, they provide context for our decision on defendant's fifth assignment of error.

that they're lying. We're not suggesting that at all. They're so sympathetic. But that is what they're doing. *That is what you have to accept.*

"[DEFENSE COUNSEL]: Objection. Misstating the law.

"THE COURT: Overruled.

"[PROSECUTOR]: *You have to—you have to accept that what they're saying is not true. And that it can't be believed.* And he's right. That just because you believe them, doesn't mean that has to be enough for you."

On appeal, defendant argues that the trial court erred in overruling his objection to the prosecutor's statement that the jury would "have to accept" that J and A lied in order to acquit. The state contends that defendant's objection to the statements as "[m]isstating the law," was not specific enough to preserve defendant's arguments on appeal. We disagree. Defendant's objection in the trial court that the prosecutor had misstated the law was sufficient to alert the trial court and the state to the argument he makes on appeal—that the prosecutor misstated the law by mischaracterizing the state's burden of proof. *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) (preservation requires a party to explain its objection clearly enough for the opposing party and the trial court to understand the issue).

Turning to the merits, we review whether a prosecutor's arguments were improper for legal error. *State v. Irish*, 340 Or App 341, 345, 571 P3d 195 (2025). If an argument was improper, properly challenged, and likely to prejudice the jury unfairly, we must reverse. *Id.* We consider the propriety of the prosecutor's statements in rebuttal in the context in which they were made. *See State v. Putnam*, 340 Or App 61, 62, 569 P3d 1014, *rev den*, 374 Or 188 (2025) (reviewing statements made by a party during argument in context, not in a vacuum).

"The law presumes every defendant upon trial charged with crime to be innocent, and it devolves upon the prosecution to prove by evidence to the satisfaction of the trial jury beyond a reasonable doubt, that the defendant committed the crime charged." *State v. Rosasco*, 103 Or 343,

357, 205 P 290 (1922). A prosecutorial argument is improper if it "inappropriately characterize[s] the jury's fact-finding function in a manner that raises some realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *State v. Purrier*, 265 Or App 618, 621, 336 P3d 574 (2014).

Although the prosecutor may not have been intending to misstate the burden of proof, we conclude that the prosecutor's statements were improper because they "create[d] a realistic possibility of confusing the jurors about the ultimate standard or burden of proof." *State v. Howard*, 337 Or App 675, 680, 564 P3d 494 (2025); *see also State v. Totland*, 296 Or App 527, 531, 438 P3d 399, *rev den*, 365 Or 502 (2019) (stating the same). The jury did not "have to accept" that J and A were lying in order to acquit defendant. That argument "omit[ted] the possibility, among others, that the jury would find the state's version more plausible, yet not be convinced beyond a reasonable doubt of defendant's guilt." *Purrier*, 265 Or App at 621. For instance, in this case, J testified that she initially did not know whether what happened was "actually true" and questioned whether she had dreamed it. Under the reasonable doubt standard, if the jury had an honest uncertainty about defendant's guilt, such as if the jury thought there was a possibility the girls had dreamed the encounters, the jury would have to acquit even if they believed the girls had not lied in their testimony. Indeed, even if the jury believed the state's case was more credible but were still not convinced beyond a reasonable doubt, the jury could conclude that the state had not met its burden of proof and acquit. The prosecutor's statements created a realistic possibility of confusing the jury about the burden of proof and at least implied that the jury could acquit *only* if they accepted that J and A were lying, and thus, were not a correct statement of the reasonable doubt standard. Defendant timely objected, and the trial court erred in overruling that objection. Although the prosecutor later correctly stated the standard of proof, albeit after the court improperly overruled defendant's objection, we cannot conclude on this record that its later statement undid the realistic possibility of confusing the jury about the burden of proof.

Nevertheless, we must affirm despite error if there is little likelihood that the particular error affected the verdict. *See State v. Mayo*, 303 Or App 525, 538, 465 P3d 267 (2020) (applying the harmless error standard to an improper statement made by the prosecutor in closing). The state argues that any error was harmless because, in context, the statements would not have confused the jury about the state's burden of proof. *See Purrier*, 265 Or App at 621-22 (concluding that similar statements were harmless in context). We disagree that the context in which the statements arose neutralized their impropriety.

Here, the prosecutor created confusion about and mischaracterized the burden of proof not only in rebuttal, but also twice in its initial closing argument when it told the jury that there were only "two options"—that the jury could either find that the girls were lying or telling the truth. *See State v. Arena*, 336 Or App 291, 297-98, 560 P3d 757 (2024), *rev den*, 375 Or 109 (2026) (noting that the prosecutor compounded the error by misstating the law "multiple times"); *cf. Purrier*, 265 Or App at 622 (concluding that similar statements were harmless in part because the prosecutor did not mischaracterize the law during initial closing argument and made the improper argument only once in rebuttal). Moreover, the prosecutor's improper remarks occurred in rebuttal, *after* the trial court had given final instructions. They were among the last things the jury heard before beginning deliberations, and thus, the prejudicial impact was more likely to have been significant. *State v. Chitwood*, 370 Or 305, 317-18, 518 P3d 903 (2022).

Although the parties and the trial court also provided correct statements of the state's burden of proof, we have explained that juxtaposing proper and improper statements of law might magnify rather than minimize juror confusion. *Arena*, 336 Or App at 298. That juxtaposition might cause the jury to "reasonably presume that the prosecutor's inappropriate arguments aligned with the burden of proof." *Id.* Moreover, by overruling defendant's objection, the trial court might have led the jury to believe that the prosecutor provided an accurate statement of the law. *Howard*, 337 Or App at 681. Here, the prosecutor improperly told the jury

that they would "have to accept" that J and A were lying, implying that was a requirement in order to acquit defendant. Although the trial court and the parties repeatedly reminded the jury that the state had the burden to prove defendant's guilt beyond a reasonable doubt, the jury might have presumed that having a reasonable doubt about defendant's guilt meant they had to accept that J and A were lying.

The prosecutor's statements created a risk that the jury would convict defendant even if the jury was not convinced that the state had met its burden of proving defendant's guilt beyond a reasonable doubt. Under the circumstances, we cannot conclude that the trial court's error in overruling defendant's objection to the prosecutor's argument was harmless. *See id.* (concluding that the trial court's error in overruling defendant's objection to the prosecutor's statements was not harmless because, in context, the statements "likely undermined the jury's understanding of the ultimate standard or burden of proof").

Reversed and remanded.